Filed 12/12/25  P. v. Sheppard CA5

<u>**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MELISSA ANN SHEPPARD,<br><br>    Defendant and Appellant. | F089016<br><br>(Super. Ct. No. SC027664A)<br><br><br>**OPINION** |

### THE COURT<sup>*</sup>

APPEAL from a judgment of the Superior Court of Kern County.  Michael G. Bush, Judge.

Roberta Simon, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Amanda D. Cary, Lewis A. Martinez, Galen N. Farris and William K. Kim, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

<sup>*</sup>    Before Franson, Acting P. J., Snauffer, J. and De Santos, J.

# INTRODUCTION

In 1985, a jury convicted defendant Melissa Ann Sheppard of first degree murder (Pen. Code,[1] § 187), with the special circumstances the murder was committed during the commission or attempted commission of a robbery and burglary (§ 190.2, former subd. (a)(17)(i), (a)(17)(vii)), and involved the infliction of torture (§ 190.2, subd. (a)(18)). Defendant was sentenced to a term of life without the possibility of parole (LWOP). (*People v. Sheppard* (Dec. 4, 1987, F006780 [nonpub. opn.] (*Sheppard I*).)

In 2024, defendant filed a motion for a *Franklin*/*Cook*[2] proceeding under section 1203.01. The trial court summarily denied the motion without prejudice.

On appeal, defendant contends her "case must be remanded for resentencing because the trial court erred in denying her motion fo[r] a *Franklin* hearing in violation of due process of law." (Capitalization and boldface omitted.) Specifically, she argues that "should [she] prevail in Case No. F088355[3] and the result be a recall of her sentence, she may well no longer have an LWOP sentence, and can have a *Franklin* hearing."

We concluded in case No. F088355 that "defendant has no right to appeal from the trial court's order [denying her request for recall and resentencing pursuant to section 1172.1] and the appeal must be dismissed for lack of jurisdiction." (*People v. Sheppard* (Dec. 12, 2025, F088355 [nonpub. opn.].) Therefore, her LWOP sentence remains.

Because defendant's LWOP sentence remains, she is not entitled to a *Franklin*/*Cook* proceeding. Accordingly, we affirm the trial court's denial of her *Franklin*/*Cook* motion.

---

**1** All further references are to the Penal Code, unless otherwise indicated.

**2** *People v. Franklin* (2016) 63 Cal.4th 261 (*Franklin*); *In re Cook* (2019) 7 Cal.5th 439 (*Cook*).

**3** Defendant also has a pending appeal in case No. F088355. On May 6, 2025, she made a motion to consolidate her two appeals into one appeal. However, on May 15, 2025, this court denied her request for consolidation.

## FACTUAL AND PROCEDURAL BACKGROUND[4]

In *Sheppard II*, we previously summarized the facts as follows from our prior opinion in *Sheppard I*:

> "On June 4, 1984, Rebecca F.[5] was the residential property manager of an apartment building where [defendant] was staying with friends. That morning, while in Rebecca's apartment, [defendant] saw Rebecca transfer several hundred dollars in cash to the apartment owner. [Defendant] expressed to several other tenants that she intended to rob and kill Rebecca. Later that day, [defendant] went to Rebecca's apartment and entered under pretext of applying for an apartment. There, [defendant] stabbed Rebecca in the side, dragged her into the bathroom, and threw her on the floor. [Defendant] asked where the money was and Rebecca told her the money was in the desk. [Defendant] stabbed Rebecca a few more times, paused to get the money from the desk, and then returned to stab her again. [Defendant] paused again, found a purse in which she placed the money, then returned to stab Rebecca some more. [Defendant] then locked Rebecca in the apartment and left. [Defendant] later told other tenants that she killed Rebecca. Rebecca was stabbed 55 times and died from loss of blood from multiple wounds to the heart, lungs, liver, and a kidney. At trial, [defendant] testified she entered Rebecca's apartment with her boyfriend with the intent to commit a robbery, and her boyfriend killed Rebecca while [defendant] ransacked the apartment. (*Sheppard [I]*, *supra*, F006780.)

> "On September 10, 1985, the Kern County District Attorney filed a second amended information charging [defendant] with first degree murder (§ 187), with the special circumstances the murder was committed during the commission of a robbery (§ 190.2, former subd. (a)(17)(i)) and burglary (§ 190.2, former subd. (a)(17)(vii)), and involved the infliction of torture (§ 190.2, subd. (a)(18)). The People further alleged [defendant] personally used a deadly weapon, to wit, a knife, in the commission of the offense (§ 12022, former subd. (b)). (*Sheppard [I]*, *supra*, F006780.)

---

[4]   On December 16, 2024, this court in case No. F088355, at the request of defendant, took judicial notice of this court's opinion in *People v. Sheppard* (Feb. 4, 2022, F081553 [nonpub. opn.]) (*Sheppard II*).

[5]   Pursuant to California Rules of Court, rule 8.90, we refer to some persons by their first names. No disrespect is intended.

"On November 5, 1985, a jury convicted [defendant] of murder and found the enhancement and all special circumstance allegations true. On December 16, 1985, the court struck the enhancement for use of a knife and sentenced [defendant] to life without the possibility of parole. On appeal, this court affirmed. (*Sheppard [I]*, *supra*, F006780.)" (*Sheppard II*, *supra*, F081553.)

On May 28, 2024, defendant made a motion for a *Franklin/Cook* proceeding pursuant to section 1203.01. Specifically, defendant argued "LWOP offenders aged 18 to 25 are similarly situated to LWOP offenders under 18; [and] no rational basis supports granting youth offender parole hearings to the latter but not the former" (boldface omitted) and "the exclusion of 18 to 25 year old LWOP offenders from youth offender parole violates the state constitutional ban on cruel or unusual punishment." (Capitalization and boldface omitted.) Accordingly, she is "entitled to a hearing pursuant to [*Franklin*] ... in order to preserve the record for her eventual youth offender parole hearing." (Capitalization and boldface omitted.)

On October 29, 2024, the District Attorney filed a response wherein it argued "the court advance and dismiss the petition pursuant to *Franklin*" because defendant "has been excluded from youthful offender parole by the [L]egislature [by virtue of the special circumstance findings] and it does not violate equal protection to do so."

Thereafter, on November 13, 2024, the trial court denied defendant's request for a *Franklin* proceeding. Specifically, the trial court held that "[i]f there ... is an LWOP [sentence], they don't have a right to a *Franklin* hearing." However, defendant requested "the matter should be held in abeyance until the Court of Appeal can reissue it[*sic*]s remittitur because, in fact, [s]he may[] be eligible for resentencing under [section] 1172.1 given that the verdict and the true findings on the special [circumstance] occurred before the enactment of [section] 1385.1." The trial court replied as follows:

"But as we sit here today, she is not. So I'll dismiss it without prejudice. If she becomes eligible, you can refile it. But we are not just keeping it in abeyance because she might possibly some day be eligible. It will be dropped without prejudice."

4.

Defendant then filed a timely appeal.

## DISCUSSION

I.   DEFENDANT IS NOT ENTITLED TO A *FRANKLIN* HEARING

Defendant contends her "case must be remanded for resentencing because the trial court erred in denying her motion fo[r] a *Franklin* hearing in violation of due process of law." (Capitalization and boldface omitted.)  We disagree.

Under section 3051, a person who commits a crime when he or she is under 18 years of age and is sentenced for that crime to LWOP is entitled to a youth offender parole hearing and eligible for release on parole after 25 years of incarceration.  (§ 3051, subd. (b)(4).)  In *Franklin*, our Supreme Court established that defendants who are entitled to receive a youth offender parole hearing in the future have the right to make a record of information that may be relevant to that future parole hearing.  (*Franklin*, *supra*, 63 Cal.4th at p. 284.)  Courts refer to this information-preserving opportunity as a "*Franklin* hearing" (*People v. Mason* (2024) 105 Cal.App.5th 411, 414) or "*Franklin* proceeding." (*Cook*, *supra*, 7 Cal.5th at p. 450.)  An incarcerated person whose judgment is "otherwise final" may file a motion under section 1203.01 for a *Franklin* proceeding if the person is entitled to a youth offender parole hearing.  (*Cook*, *supra*, 7 Cal.5th at p. 451.)

The Legislature has determined that "an individual ... sentenced to [LWOP] for a controlling offense that was committed after the person had attained 18 years of age" is not entitled to a youth offender parole hearing.  (§ 3051, subd. (h); see *People v. Hardin* (2024) 15 Cal.5th 834, 839 (*Hardin*).)  The controlling offense in this case is murder, for which defendant was sentenced to LWOP.  (See § 3051, subd. (a)(1)(B).)  Defendant murdered her victim when she was 22 years old.  Therefore, she is statutorily ineligible

5.

for a youth offender parole hearing and, accordingly, not entitled to a *Franklin* proceeding to preserve evidence for such a hearing.[6]

## DISPOSITION

The trial court's November 13, 2024, order denying defendant's motion for a *Franklin*/*Cook* proceeding is affirmed.

---

[6] Although not addressed by defendant in her opening brief, she asserted in her initial moving papers that section 3051 deprives her of equal protection because, as a young adult sentenced to LWOP, she is treated differently than young adults not sentenced to LWOP. However, our Supreme Court recently rejected this argument in *Hardin*, wherein the court concluded "[i]t was not irrational for the Legislature to exclude from youth offender parole eligibility those young adults who have committed special circumstance murder, an offense deemed sufficiently culpable that it merits society's most stringent sanctions." (*Hardin*, *supra*, 15 Cal.5th at p. 864.) Accordingly, we are bound to follow *Hardin* and therefore reject this additional argument. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.)